IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBIN KANDILYN MOORE, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-01308-ESC |
| vs. | § § § | |
| ANDREW SAUL, SOCIAL SECURITY COMMISSIONER; | § § § § | |
| *Defendant.* | § § | |

**<u>ORDER</u>**

This order concerns Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#16]. By her motion, Plaintiff asks the Court to grant her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action. The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust. *Id.*

The record reflects that on May 28, 2020 the Court granted the Commissioner's unopposed motion to reverse and remand this case and entered a final judgment remanding this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#13, #14]. The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff seeks an award of $5,021.99 in attorney's fees, $16.80 in expenses, and $400.00 in costs.  In support of the instant motion, Plaintiff's counsel has submitted an itemization of the hours spent and expenses incurred representing Plaintiff in this case before the Court.  Plaintiff billed his services at a rate of $201.99 per hour and his paralegal billed time at a rate of $100.00 per hour.  On September 9, 2020, the parties filed a Stipulation [#17] regarding the requested fee award, which stipulates to awarding Plaintiff a compromise settlement of Plaintiff's request for fees as follows: attorney's fees in the amount of $4,600.00, expenses in the amount of the requested $16.80, and costs in the amount of the requested $400.00.   The parties provided the Court with a proposed Order so that the Court may also memorialize other aspects of the parties' agreement.  The Court will approve the stipulation and enter the proposed Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#16] is **GRANTED IN PART** as follows:

**IT IS HEREBY ORDERED** that Plaintiff, Robin Kandilyn Moore, is awarded attorney's fees under the Equal Access to Justice Act in amount of Four Thousand Six Hundred Dollars and 00/100 Cents ($4,600.00), expenses in the amount of Sixteen Dollars and 80/100 Cents ($16.80) and costs in the amount of Four Hundred Dollars ($400.00).

**IT IS FURTHER ORDERED** that these attorney fees will be paid directly to Plaintiff, Robin Kandilyn Moore, and sent to the business address of Plaintiff's counsel.

**IT IS FURTHER ORDERED** that full or partial remittance of the awarded attorney's fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government.  If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

**IT IS FINALLY ORDERED** that in all other respects the Motion [#16] is **DENIED**.

SIGNED this 11th day of September, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE