IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBIN KANDILYN MOORE, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-01308-ESC |
| vs. | § § | |
| ANDREW SAUL, SOCIAL SECURITY COMMISSIONER, | § § § § | |
| *Defendant.* | § § | |

# ORDER

Before the court in the above-styled cause of action is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to Social Security Act Section 2601(b)(1) [#19]. In the motion, Plaintiff's counsel, Howard D. Olinksy, asks the Court to award him $23,125.88 out of Plaintiff's past-due benefits award from the Social Security Administration. For the reasons stated below, the Court will **GRANT** Mr. Olinsky's motion and grant the requested fee award.

On May 28, 2020, the Court granted the Commissioner's unopposed motion to reverse and remand and remanded the instant case under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings [#13]. On September 11, 2020, the Court awarded attorney's fees of $4,600, expenses of $16.80 and costs of $400.00 to Plaintiff as a prevailing party under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [#18]. On April 3, 2021, the Social Security Administration ("SSA") issued its final determination on remand, finding Plaintiff disabled and granting her total past benefits of $116,503.53 for the period of May 2015 to February 2021.[1] (Ex B. [#19-3], at 3.)

---

[1] In Plaintiff's decision letter, the SSA technically awarded her $87,377.62 because they withheld 25 percent ($29,125.88) in case it will need to be paid out for attorney's fees.

1

Mr. Olinsky now requests that the Court grant him $23,125.88 out of Plaintiff's total past benefits, pursuant to Section 2601(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b). The provision states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b) (emphasis added). Twenty-five percent of Plaintiff's past due benefits is $29,125.88. Mr. Olinksy calculates his fee request from this 25 percent; the hearing level representative will be paid $6,000 in fees (from a previously approved fee agreement), and Mr. Olinsky requests the remaining $23,125.88. The record reflects that Plaintiff and Mr. Olinksy entered into a contingency fee agreement, which provides that counsel shall charge and receive a fee equal to 25 percent of the past due benefits awarded to Plaintiff and her family if she won her case. (Ex. A. [#19-2], at 2.) Time records attached to Mr. Olinsky's motion demonstrate that Plaintiff's attorneys and paralegals spent 28.7 hours on this case at the federal-court level. (Ex. C. [#19-3].) Of those hours, 21.1 are attorney hours and 7.6 are paralegal hours. (Ex. D [#19-4]; Ex. E [19-5].) Based on the requested $23,125.88, and if the paralegal time is billed at $100.00 per hour (as indicated by Mr. Olinksy), the effective hourly attorney rate is $1,059.99. (Mot. [#19-1], ¶ 9.)

The Commissioner, not a true party in interest, takes no position on the reasonableness of Mr. Olinsky's fee request. (Def. Resp. [#20], at 1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (The Commissioner "has no direct financial stake in the answer to the [section] 406(b) question; instead [he] plays a part in the fee determination resembling that of a trustee for the claimants.")).)

In considering a motion for a 406(b) fee award, the Court must decide whether the requested award is reasonable. *Id.* at 808. An award of 25 percent is considered the ceiling for fees, not an amount that is automatically considered reasonable. *Id.* at 807. Where the plaintiff and his or her attorney have entered into a contingency fee agreement, the Court must review for reasonableness the fees yielded by that agreement and assess whether the fees would result in a windfall for the attorney. *Id.* at 808–09. The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned such that it may be considered a windfall. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). It has noted with approval, however, several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *See id.* at 381–82. While not determinative, the existence of a contingency fee agreement indicates that the plaintiff consented to the agreed upon fee. *Id.*

Having reviewed Mr. Olinsky's motion and the supporting documentation provided, the Court finds the fee request reasonable. Mr. Olinsky provided effective and efficient representation, expending almost 30 hours drafting a 21-page brief that identified and analyzed three separate errors on appeal. (Pl. Brief [#11].) Further, it is well-known that "there is a substantial risk of loss in civil actions for social security disability benefits." *Luella B.G. v. Saul*, No. 3:18-cv-969-BN, 2021 WL 487694, at *2 (N.D. Tex. Feb. 10, 2021) (internal citation omitted). Given the multiple denials of benefits at the administrative level, Plaintiff's success appears to be attributable to counsel's work. While not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to paying Mr. Olinsky 25 percent of her past-due benefits award. *See Jeter*, 622 F.3d at 381–82.

Mr. Olinsky's resulting effective hourly rate of $1,059.88, while high, falls within amounts that have been approved by courts as reasonable under similar circumstances. *See, e.g., Sabourin v. Colvin,* No. 3:11-CV-2109-M, 2014 WL 3949506, at *1–2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not constitute an unearned windfall but fair compensation for attorney's fees under § 406(b)); *Prude v. U.S. Comm'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"). The resulting hourly rate requested here, therefore, seems reasonable.

Lastly, Mr. Olinksy has indicated he intends to refund to Plaintiff the EAJA fees previously paid, as required, in the amount of $4,600 (the $400 filing fee was previously refunded on December 28, 2020). (Pl. Mo. [#19] ¶ 7.) *See* H.R. Rep. No. 120, 99th Con. 1st Sess. 19, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 148.

In summary, the fee award requested by Mr. Olinsky is reasonable, and the Court will grant the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Counsel's Motion for Attorney Fees Pursuant to Social Security Act Section 2601(b)(1) [#19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Howard D. Olinsky be awarded $23,125.88 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. 40b(b), held by the Commissioner for such purposes.

**IT IS FURTHER ORDERED** that, upon receipt of the fee award, Mr. Olinksy refund to Plaintiff the EAJA fees in the amount of $4,600.

SIGNED this 24th day of June, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE